| | |
|---|---|
| TYRONE D. CAROLINA,<br>    Petitioner,<br><br>v.<br><br>STATE OF CONNECTICUT,<br>    Respondent. | No. 3:17-cv-00754 (SRU) |

## ORDER DISMISSING CASE WITHOUT PREJUDICE

Tyrone D. Carolina—currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut—filed a petition for writ of habeas corpus on May 8, 2017, challenging his 2010 state court convictions pursuant to 28 U.S.C. § 2254.

On September 13, 2010, a jury convicted Carolina of two counts of risk of injury to a child in violation of Conn. Gen. Stat. § 53-21(a)(2),[1] two counts of risk of injury to a child in violation of Conn. Gen. Stat. § 53-21(a)(1),[2] and one count of tampering with a witness in violation of Conn. Gen. Stat. § 53a-151.[3] *See State v. Carolina*, 143 Conn. App. 438, 440 (2013).

---

[1] Section 53-21(a)(2) provides in pertinent part, "Any person who . . . has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of . . . a class B felony . . . ."

[2] Section 53-21(a)(1) provides in pertinent part, "Any person who . . . wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of . . . a class C felony . . . ."

[3] Section 53a-151 provides, "A person is guilty of tampering with a witness"—"a class C felony"—"if, believing that an official proceeding is pending or about to be instituted, he induces or attempts to induce a witness to testify falsely, withhold testimony, elude legal process summoning him to testify or absent himself from any official proceeding."

On November 9, 2010, the Superior Court sentenced Carolina to a total of twenty years in prison, suspended after twelve years, followed by twenty years of probation. *See id.* at 441.

On June 18, 2013, the Connecticut Appellate Court affirmed Carolina's conviction. *See id.* On September 12, 2013, the Connecticut Supreme Court denied certification. *State v. Carolina*, 310 Conn. 904 (2013).

Carolina filed an application for sentence review with the Sentence Review Division of the Connecticut Superior Court. On February 28, 2012, the Sentence Review Division affirmed Carolina's sentence. *State v. Carolina*, 2012 WL 953688 (Conn. Super. Ct. Feb. 28, 2012).

On November 21, 2013, Carolina petitioned the Superior Court for a writ of habeas corpus. On July 26, 2016, the Superior Court denied the petition. *See Carolina v. Warden*, 2016 WL 4507141 (Conn. Super. Ct. July 26, 2016). Carolina appealed on November 28, 2016. *See* Doc. No. 131.00, *Carolina v. Warden*, No. TSR-CV14-4005888-S (Conn. Super. Ct.).

On May 8, 2017, Carolina initiated the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carolina's petition—which was not filed on a court form—consisted of a four-page handwritten petition followed by 240 pages of exhibits. Because Carolina's petition complied neither with Local Rule 8(b)'s requirement that the petition be filed on a court form, nor with the requirement of Rule 2(c) of the Rules Governing Section 2254 Cases in the United States that a "petition . . . specify all grounds for relief available to the petitioner," on October 16, 2017, I ordered Carolina to file an amended petition for writ of habeas corpus. Order, Doc. No. 7, at 1. I instructed Carolina to "us[e] the court's 28 U.S.C. § 2254 form" and to "answer all questions on the habeas petition form, include the ground or grounds on which he s[ought] to proceed . . . , and indicated whether he has exhausted each ground by raising it on direct appeal or in a collateral proceeding." *Id.* at 1–2. "If Carolina

2

cho[se] not to file an amended petition within the time specified," I warned, "then I w[ould] dismiss the case without further notice." *Id.* at 2.

On November 1, 2017, Carolina filed a response to my order in which he stated that he "still had [two] more courts to exhaust," because he had not received a decision on his state habeas petition from the Appellate Court or the Connecticut Supreme Court. *See* Mot. Stay, Doc. No. 8, at 1. He asked me to stay this case pending exhaustion of his state remedies.

Rather than stay the case, in the interest of efficiently managing my docket, I will administratively close the case without prejudice. Carolina may move to reopen after he exhausts his claims in state court. The dismissal without prejudice will have the same effect, for purposes of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1), as imposing a stay. *See Fine v. Erfe*, 2017 WL 1362682, at *4 (D. Conn. Apr. 11, 2017) (dismissing case without prejudice to reopening after petitioner exhausted state court remedies, rather than staying case).

**Conclusion**

Carolina's Petition for Writ of Habeas Corpus, Doc. No. Doc. No. 1, is **DISMISSED** without prejudice. Carolina may move to reopen the case **no more than 30 days** after he fully exhausts his available state court remedies with respect to all grounds he seeks to raise in this action. The motion to reopen must be accompanied by an amended petition for writ of habeas corpus. Carolina must include in that petition all grounds on which he seeks relief, and shall attach copies of any state court decisions documenting the exhaustion of those grounds. I remind Carolina that any amended petition must comply with Local Rule 8(b) and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when

3

the prisoner shows, at least, . . . that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, I conclude that reasonable jurists would not find it debatable that Carolina has, as yet, failed to exhaust his state court remedies. Therefore, a certificate of appealability will not issue.

The Clerk shall enter judgment and close the case.

So ordered.

Dated at Bridgeport, Connecticut this 3rd day of January 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge