UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRYONE D. CAROLINA,<br>　　Petitioner, | :<br>:<br>: |
| v. | : Case No. 3:17-cv-754 (SRU) |
| STATE OF CONNECTICUT,<br>　　Respondent. | :<br>:<br>: |

# **RULING AND ORDER**

Tyrone D. Carolina, is currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut. He initiated this action on May 8, 2017 by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Pet. Writ Habeas Corpus, Doc. No. 1.

On October 10, 2017, I issued an order directing Carolina to file an amended petition for writ of habeas corpus on a court form. Carolina did not file an amended petition for writ of habeas corpus. Instead, on November 1, 2017, Carolina filed a motion to stay this action while he exhausted his state court remedies regarding the claims asserted in a four-page handwritten petition for writ of habeas corpus. On January 3, 2018, I dismissed the case without prejudice to Carolina moving to reopen the case no more than 30 days after he had fully exhausted his available state court remedies with respect to all grounds he sought to raise in this action. I warned Carolina that his motion to reopen "must be accompanied by an amended petition for writ of habeas corpus, which must (i) state all grounds on which Carolina seeks relief, (ii) attach copies of any state court decisions documenting the exhaustion of those grounds, and (iii) comply with Local Rule 8(b) and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts." Order, Doc. No. 9.

On October 1, 2018, Carolina moved to reopen this action. Because the motion to reopen simply stated that Carolina had exhausted all his state court remedies and was not accompanied by an amended petition for writ of habeas corpus, I denied the motion. *See* Order, Doc. No. 14.

On November 6, 2018, Carolina filed a handwritten amended petition, but did not move to reopen the case. *See* Am. Pet. Writ Habeas Corpus, Doc. No. 13. On November 14, 2018, the case was reopened. *See* Order, Doc. No. 14.

## I. Amended Petition [Doc. No. 13]

The amended petition is not on a court form and does not identify the conviction or sentence that Carolina seeks to challenge. *See* Am. Pet. Writ Habeas Corpus at 2–4. Attached to the amended petition, however, is a "Corrected Mittimus" which reflects that on November 9, 2010 in the Connecticut Superior Court for the Judicial District of Danbury, a judge sentenced Carolina to a total effective sentence of twenty years of imprisonment, execution suspended after twelve years and followed by twenty years of probation, pursuant to Carolina's convictions for two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(1), two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(2) and one count of tampering with a witness in violation of Connecticut General Statutes § 53a-151. *See* Am. Pet. Writ Habeas Corpus, Doc. No. 13, at 5.

Carolina claims that his investigation has revealed that his trial attorney and the state's attorney retaliated against him for filing grievances against them for misconduct. *Id.* at 1. Carolina asserts that he filed a grievance against the judge who presided over his criminal trial and claims that the judge retaliated against him by admitting into evidence a letter that had been

"illegally seized" from him without a warrant. *Id.* at 2. Carolina contends that his trial attorney failed to pursue or present an alibi defense. Carolina generally asserts that the prosecutor, judge and his attorney committed further violations against him during his criminal trial. *Id.* at 1–2.

Carolina did not file the amended petition on an amended section 2254 court form as required by Local Rule 8(b), D. Conn. L. Civ. R. and provides no explanation for his failure to do so. Nor has he clearly or sufficiently articulated the grounds that he seeks to raise or the facts in support of each ground. Furthermore, Carolina does not indicate whether any ground has been raised and exhausted in state court and the exhibits to the amended petition do not include copies of state court decisions demonstrating exhaustion.

I conclude that the amended petition does not comply with prior orders in this case, Local Rule 8(b), or Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, I am unable to discern the specific grounds raised in the petition or whether those grounds have been exhausted in state court. Accordingly, the amended petition is dismissed without prejudice.

**II.     Motions for Appointment of Counsel [Doc. Nos. 15, 17]**

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge

"illegally seized" from him without a warrant. *Id.* at 2. Carolina contends that his trial attorney failed to pursue or present an alibi defense. Carolina generally asserts that the prosecutor, judge and his attorney committed further violations against him during his criminal trial. *Id.* at 1–2.

Carolina did not file the amended petition on an amended section 2254 court form as required by Local Rule 8(b), D. Conn. L. Civ. R. and provides no explanation for his failure to do so. Nor has he clearly or sufficiently articulated the grounds that he seeks to raise or the facts in support of each ground. Furthermore, Carolina does not indicate whether any ground has been raised and exhausted in state court and the exhibits to the amended petition do not include copies of state court decisions demonstrating exhaustion.

I conclude that the amended petition does not comply with prior orders in this case, Local Rule 8(b), or Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, I am unable to discern the specific grounds raised in the petition or whether those grounds have been exhausted in state court. Accordingly, the amended petition is dismissed without prejudice.

**II.     Motions for Appointment of Counsel [Doc. Nos. 15, 17]**

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge

"illegally seized" from him without a warrant. *Id.* at 2. Carolina contends that his trial attorney failed to pursue or present an alibi defense. Carolina generally asserts that the prosecutor, judge and his attorney committed further violations against him during his criminal trial. *Id.* at 1–2.

Carolina did not file the amended petition on an amended section 2254 court form as required by Local Rule 8(b), D. Conn. L. Civ. R. and provides no explanation for his failure to do so. Nor has he clearly or sufficiently articulated the grounds that he seeks to raise or the facts in support of each ground. Furthermore, Carolina does not indicate whether any ground has been raised and exhausted in state court and the exhibits to the amended petition do not include copies of state court decisions demonstrating exhaustion.

I conclude that the amended petition does not comply with prior orders in this case, Local Rule 8(b), or Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, I am unable to discern the specific grounds raised in the petition or whether those grounds have been exhausted in state court. Accordingly, the amended petition is dismissed without prejudice.

**II.     Motions for Appointment of Counsel [Doc. Nos. 15, 17]**

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today."). A district judge, however, has discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, if a district judge

determines that a hearing is necessary, and justice requires it, he or she must appoint counsel to represent the petitioner. *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. On this record, I cannot conclude that a hearing is likely to be necessary or that justice requires the appointment of counsel. Accordingly, the motions for appointment of counsel are denied.

If the petitioner seeks assistance in completing and filing a second amended petition for writ of habeas corpus, he may contact the Inmate Legal Assistance Program. Attorneys at the Inmate Legal Aid Program may be reached at the following address and telephone number: Inmate Legal Aid Program, Bansley | Anthony | Burdo, LLC, 265 Orange Street, New Haven, CT 06510, Tel. 1-866-311-4527.

### III. Motion for Court to Rule on Pending Motions and to Consider Documents as Relevant to the Amended Habeas Petition [Doc. No. 16]

The motion was filed after Carolina filed his first motion for appointment of counsel. To the extent that Carolina seeks a ruling on his motion for appointment of counsel, the request for relief is denied.

Carolina also requests that I consider the documents attached to the motion as relevant to his claims for relief in the amended petition. Carolina does not explain how the documents, which appear to consist of copies of excerpts from transcripts of his criminal trial and pages from an appellate brief, support the allegations or claims in the amended petition. Furthermore, he is not required to submit appellate briefs or trial transcripts in support of an amended petition. Because I have dismissed the amended petition, the motion to submit documents in support of it is denied.

4

**IV.  Motion to Compel Trial Court to Release Petitioner [Doc. No. 18]
Motion for Final Judgment [Doc. No. 19]**

Carolina seeks an order to compel the state trial court to release him from his 2010 sentence because his convictions are based on hearsay rather than physical evidence.  He contends that he was acquitted of sexual assault charges and mistakenly convicted of four counts of risk of injury to a minor.  Carolina has also moved for a final judgment because the State of Connecticut has not responded to his motion for release from his sentence.  Because I have dismissed the amended petition for writ of habeas corpus without prejudice, the motions to compel the trial court to release Carolina and for a final judgment in Carolina's favor are denied.

**Conclusion**

The Amended Petition for Writ of Habeas Corpus, [**Doc. No. 13**], is **DISMISSED** without prejudice.  The Motion to Compel the Trial Court to Release Carolina, [**Doc. No. 18**], the Motion to Compel Final Judgment, [**Doc. No. 19**], and the Motions for Appointment of Counsel, [**Doc. Nos. 15, 17**] are **DENIED**.  The Motion for Court to Rule on Pending Motions and to Consider Documents as Relevant to the Amended Habeas Petition, **[Doc. No. 16]**, is **DENIED** to the extent that Carolina seeks a ruling on his motion for appointment of counsel and is also **DENIED** to the extent that Carolina seeks to submit documents in support of the amended petition.

**The court will permit Carolina one more opportunity to file an amended petition for writ of habeas corpus on a court form.  The amended petition must be filed within twenty (20) days of the date of this order and clearly and concisely state each ground for relief and the facts in support each ground.  In addition, Carolina must indicate whether he**

**exhausted each ground by raising it on direct appeal or in a state habeas petition or other collateral proceeding in state court in the spaces provided on the form and either attach copies of any state court decisions or include case citations to any state court decisions.**

The Clerk is directed to send the petitioner a copy of this order and an Amended Section 2254 Habeas Corpus Petition form.

So ordered.

Dated at Bridgeport, Connecticut, this 19th day of September 2019.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge
