## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TRYONE D. CAROLINA,                    :
    Petitioner,                    :
                                           :
    v.                                     :   Case No. 3:17-cv-754 (SRU)
                                           :
STATE OF CONNECTICUT, et al.,          :
    Respondents.                   :

## RULING ON PENDING MOTIONS

Tyrone Douglas Carolina ("Carolina") is an inmate currently confined at Corrigan-Radgowski Correctional Institution.  He brings this second amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his November 2010 convictions for two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(1), two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(2), and one count of tampering with a witness in violation of Connecticut General Statutes § 53a-151; and his total effective sentence of twenty years of imprisonment, execution suspended after twelve years and followed by twenty years of probation.  *See* Second Am. Pet. Writ Habeas Corpus, Doc. No. 23, at 2, 22.  *State v. Carolina*, 143 Conn. App. 438, 440, 442 & n.1 (2013).

Pending before the Court are Carolina's motions to amend (doc. no. 24), to appoint counsel (doc. no. 22), and to order the state trial court to vacate his conviction (doc. no. 25).  For the reasons that follow, the motions are **denied**.

## I.     Motion to Amend [Doc. No. 24]

Carolina has filed a document designated as: "Requesting Motion to Amend A Subject Related to This 22-54 Involving a State Civil Suit."  He states that on August 24, 2017, he filed a civil lawsuit asserting claims of slander, defamation and malicious prosecution against four of

the State of Connecticut's witnesses, Nancy Ross, Lucas Grajales, William Sampson and Terry Carnez, some or all of whom testified at his criminal trial. *See Carolina v. Ross*, *et al.*, Docket No. DBD-CV-17-5011037-S. That case remains pending.[1]

Carolina claims that at one point, a default judgment had entered against the defendants and a hearing in damages had been scheduled. A judge then set aside the default judgments and three defendants filed separate motions for summary judgment. On May 21, 2019, a judge granted the motions for summary judgment and entered judgment for Defendants Ross, Sampson and Carnez. *See Carolina v. Ross*, 2019 WL 2872294 (Conn. Super. Ct. May 21, 2019). The allegations against Defendant Grajales remain pending. *Id.* at *1 n.2.[2]

Carolina alleges that he attempted to appeal the decision granting the motions for summary judgment but on October 1, 2019, the Connecticut Appellate Court denied his request to file a late appeal. *See* Mot. to Amend, Doc. No. 24, at 14. Carolina contends that the disposition of the state civil matter demonstrates his attempt to exhaust his remedies regarding the claims asserted in the underlying second amended petition filed in this action.

On September 13, 2010, a jury in the Connecticut Superior Court for the Judicial District of Danbury, found Carolina guilty of two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(1), two counts of risk of injury to a minor in violation of Connecticut General Statutes § 53a-21(a)(2), and one count of tampering with a witness in violation of Connecticut General Statutes § 53a-151; and not guilty of three counts of sexual

---

[1] Information pertaining to the case may be found on the State of Connecticut Judicial Branch Website, http://civilinquiry.jud.ct.gov/, using the docket number DBD-CV17-5011037-S.

[2] The court noted that there was evidence indicating that Lucas Grajales had "passed away in 2015" and that [h]is executor ha[d] not been substituted as a party." *Id.*

assault in the second degree in violation of Connecticut General Statutes § 53a-71(a).  *See State v. Carolina*, 143 Conn. App. 438, 440, 442 & n.1 (2013); Second Am. Pet. Writ Habeas Corpus, Doc. No. 23, at 22.  On November 9, 2010, a judge sentenced Carolina to a total effective sentence of twenty years of imprisonment, execution suspended after twelve years and followed by twenty years of probation.  *Id.* at 442; Second Am. Pet. Writ Habeas Corpus at 22.  In the second amended petition, Carolina challenges his convictions on the ground of ineffective assistance of trial counsel, insufficiency of the evidence regarding the witness tampering charge, prosecutorial misconduct during closing arguments and trial court error in introducing video footage of an interview with a witness.  *See* Doc. No. 23 at 8–16.

Carolina does not explain, and I cannot discern, how his civil action for defamation and malicious prosecution against witnesses who may have testified at his criminal trial constitutes a challenge to or the exhaustion of the claims asserted in the second amended habeas petition filed in this action.  Because there is no basis on which to permit Carolina to amend the second amended petition to add information pertaining to the outcome of claims asserted in a complaint filed in his civil lawsuit, the motion to amend is **denied**.

## II.    Motion for Appointment of Counsel and Motion to Proceed *In Forma Pauperis* [Doc. No. 22]

Carolina seeks leave to proceed *in forma pauperis*.  Because the Court granted him leave to proceed *in forma pauperis* when he commenced this action, the renewed motion is **denied** as moot.  *See* Order, Doc. No. 6.

A petitioner does not have a constitutional right to counsel in a collateral challenge to a conviction or sentence.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never

3

held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, . . . and we decline to so hold today.").  A district judge, however, has discretion to appoint counsel for a financially eligible section 2254 petitioner "whenever . . . the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Furthermore, if a district judge determines that a hearing is necessary, and justice requires it, he or she must appoint counsel to represent the petitioner.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  On this record, I cannot conclude that a hearing is likely to be necessary or that justice requires the appointment of counsel.  Accordingly, the motion for appointment of counsel is **denied**.

### III.    Motion to Order Trial Court to Vacate Conviction [Doc. No. 25]

Carolina seeks an order to compel the state trial court to vacate his convictions for risk of injury to a minor.  He states that he is expected to be released from his twelve-year sentence in October of this year.  He also moves the court to award him damages for his unlawful convictions and to default the respondents for failure to plead.

As indicated above, this action is a habeas proceeding.  The second amended petition does not include a request for money damages.  Moreover, monetary relief is unavailable in petition for writ of habeas corpus challenging a conviction.  *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("damages are not an available habeas remedy") (citations omitted).

I have issued a separate order directing the respondent to file a response to the second amended petition and to address whether all claims in the petition have been exhausted.  Because

the Court had not previously ordered the respondents to file a response to the second amended petition, they are not in default.

In support of his request that I order a state trial judge to vacate his convictions for risk of injury to a minor, Carolina contends that there is no physical evidence or proof to support the convictions.  The second amended petition does not include a claim of insufficiency of the evidence regarding Carolina's convictions for risk of injury to a minor.  *See* Doc. No. 23 at 8–16. I will not construe this motion as a request to file a third amended petition to add a sufficiency of the evidence claim regarding Carolina's convictions for risk of injury to a minor because Carolina did not raise the claim on direct appeal from his convictions or in his state habeas petition.  *See Carolina*, 143 Conn. App. at 440; *Carolina v. Warden*, 2016 WL 4507141, at *3–4 (Conn. Super. Ct. July 26, 2016).  Thus, the claim is unexhausted.

The motion seeking an order directing a state court judge to vacate his conviction, an award of money damages, and to default the respondent for failure to plead is **denied** in all respects.

## Conclusion

The Motion to Amend the Second Amended Petition, [**Doc. No. 24**], and the Motion for Appointment of Counsel, [**Doc. No. 22**], are **DENIED;** the Motion to Order Trial Court to Vacate Conviction, to Default Respondent for Failure to Plead and to Award Money Damages, [**Doc. No. 25**], is **DENIED** in all respects; and the Motion to Proceed *In Forma Pauperis*, [**Doc. No. 22**], is **DENIED** as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 1st day of May 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge