## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE D. CAROLINA,<br>　　　　Plaintiff, | No. 3:17-cv-754 (SRU) |
| 　　　　v. | |
| STATE OF CONNECTICUT, et al.,<br>　　　　Respondents. | |

## <u>RULING AND ORDER ON MOTION TO DISMISS</u>

The State of Connecticut ("Connecticut") has moved to dismiss petitioner Tyrone D. Carolina's ("Carolina") second amended petition for writ of habeas corpus, arguing that Carolina has failed to properly exhaust certain of his claims. For the following reasons, the motion to dismiss is denied as moot without prejudice to refiling.

## I.    **Background**

In September 2010, following a jury trial, Carolina was convicted of two counts of risk of injury to a child in violation of Connecticut General Statutes § 53–21(a)(2), two counts of risk of injury to a child in violation of § 53–21(a)(1), and one count of tampering with a witness in violation of Connecticut General Statutes § 53a–151. *State v. Carolina*, 143 Conn. App. 438, 440 (2013). The trial court sentenced Carolina to twenty years of incarceration, execution suspended after twelve years, followed by twenty years of probation. *Id.* at 442. Carolina timely appealed, challenging his conviction on three grounds: "(1) the evidence was insufficient to convict him of the crime of tampering with a witness, (2) certain prosecutorial improprieties during closing arguments deprived him of his due process right to a fair trial and (3) the court abused its discretion when it admitted portions of the victim's recorded interview into evidence as a prior

consistent statement." *Id.* At 440. The Appellate Court affirmed his conviction on June 18, 2013.

*Id.*

Carolina sought review of his conviction by the Connecticut Supreme Court, raising two

claims on appeal: (1) he was deprived of his due process right to a fair trial as a result of

prosecutorial misconduct; and (2) there was insufficient evidence to support his conviction for

witness tampering. Resp. Ex. F, Doc. No. 31-8. The Connecticut Supreme Court denied

discretionary review of Carolina's conviction on September 12, 2013. *State v. Carolina*, 310

Conn. 904 (2013). Carolina subsequently raised a collateral challenge to his conviction, filing a

petition for writ of habeas corpus in Connecticut Superior Court. *Carolina v. Warden*, 2016

Conn. Super. LEXIS 2077 (Super. Ct. July 26, 2016). The habeas court interpreted Carolina's

*pro se* petition to raise four claims:[1]

> a. Counsel agreed to waive the petitioner's right to a speedy trial without his consent;
> b. Counsel failed to seek mental health records of the complainant;
> c. His constitutional right to conflict-free counsel was violated when underlying counsel continued to represent him after the petitioner filed a grievance against her; and
> d. Counsel was constitutionally ineffective in failing to object to the admission of a letter written by the petitioner which served as the basis for an additional charge of tampering with a witness.

*Id.* At 10-11. Following trial on the merits, the habeas court dismissed Carolina's petition. *Id.*

That judgment was affirmed on appeal in September 2018; thereafter, the Connecticut Supreme

Court denied discretionary review. *See Carolina v. Comm'r of Corr.*, 185 Conn. App. 902

(2018); *Carolina v. Comm'r of Correction*, 330 Conn. 943 (2018).

On May 8, 2017, Carolina initiated habeas proceedings in this court pursuant to 28

U.S.C. § 2254. *See* Pet. Writ Habeas Corpus, Doc. No. 1. Carolina amended his petition twice;

the operative petition, filed on October 9, 2019, is his second amended petition. *See* Second Am.

---

[1] Although Carolina was initially appointed counsel, counsel withdrew at some point prior to trial, and Carolina continued to litigate his petition *pro se*. *See* Resp. Ex. H, Doc. No. 31-10 at 6.

Pet. Writ Habeas Corpus, Doc. No. 23. On May 1, 2020, I entered an order directing the respondents to show cause why Carolina's petition should not be granted. *See* Order to Show Cause, Doc. No. 27. In that order, I construed Carolina's *pro se* petition to raise five claims: (1) there was insufficient evidence to support his conviction for witness tampering; (2) he was deprived of his due process right to a fair trial as a result of prosecutorial misconduct; (3) the trial judge erred in admitting portions of the victim's recorded interview into evidence as a prior consistent statement; (4) counsel was ineffective by failing to identify and raise a double jeopardy violation; and (5) counsel was ineffective by failing to pursue or introduce evidence that might support an alibi defense. *See id.*

On June 11, 2020, the respondents moved to dismiss Carolina's petition, arguing only that Carolina had failed to exhaust available state court remedies with respect to his third, fourth, and fifth claims. *See* Resp. Mem., Doc. No. 31-1. Carolina, through counsel, filed a response on April 30, 2021. *See* Mem. in Opp., Doc. No. 47. In his memorandum in opposition to the motion to dismiss, Carolina did not contest that some of his claims were unexhausted; instead, he indicated that he wished to abandon the unexhausted claims and proceed on the properly exhausted claims. The respondents have not filed a reply.

## II.    Discussion

Under section 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). The exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam).

"State remedies are deemed exhausted when a petitioner has: (i) presented the federal

constitutional claim asserted in the petition to the highest state court (after preserving it as

required by state law in lower courts) and (ii) informed that court (and lower courts) about both

the factual and legal bases for the federal claim." *Ramirez v. Attorney General*, 280 F.3d 87, 94

(2d Cir. 2001); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("the prisoner must fairly

present his claim in each appropriate state court (including a state supreme court with powers of

discretionary review), thereby alerting that court to the federal nature of the claim") (cleaned up).

Failure to exhaust may be excused only if "there is no opportunity to obtain redress in state court

or if the corrective process is so clearly deficient to render futile any effort to obtain

relief." *Duckworth*, 454 U.S. at 3; *see also* 28 U.S.C. § 2254(b)(1)(B).

Although a court generally may not consider unexhausted claims, the procedure for

handling a petition that includes both exhausted and unexhausted claims—a "mixed" petition—is

less clearly defined. *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001). A court reviewing such a

petition has several options: (1) to stay the petition for a limited period of time to permit a

petitioner the opportunity to properly exhaust the claims in state court, *Rhines v. Weber*, 544 U.S.

269, 277 (2005); (2) to dismiss the petition without prejudice for failure to exhaust; or (3) to

permit a petitioner to abandon the unexhausted claims and consider only the properly exhausted

claims on the merits. *Zarvela*, 254 F.3d at 378-80; *see also Russell v. Armstrong,* 2003 U.S. Dist.

LEXIS 9434, at *8 (D. Conn. June 5, 2003).

Prior to enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"),

courts routinely dismissed mixed petitions without prejudice to allow a petitioner to exhaust all

claims in state court and then refile a petition in federal court. *Id.* AEDPA, however, altered the

landscape by imposing a one-year period of limitation on "an application for a writ of habeas

corpus by a person in custody pursuant to the judgment of a State court". 28 U.S.C. § 2244(d).

After the enactment of AEDPA, outright dismissal of a mixed petition therefore "risks the loss of

all claims because the one-year limitations period will likely expire during the time taken to

initiate state court exhaustion and to return to federal court after exhaustion is completed."

*Zarvela*, 254 F.3d at 379. To avoid that harsh result, the Second Circuit has cautioned district

courts to avoid outright dismissal of a petition if dismissal would affect "the continued viability

of the initially filed exhausted claims." *Id.* at 381*; see also Stocking v. Doe*, 2012 U.S. Dist.

LEXIS 101932, at *10 (D. Conn. July 20, 2012).

  In the case at bar, respondents move for dismissal of Carolina's petition on the sole basis

that it includes three unexhausted claims: (1) the trial judge erred by admitting parts of the

victim's recorded interview; (2) counsel was ineffective for failing to raise a double jeopardy

violation; and (3) counsel was ineffective by failing to investigate and present an alibi defense. In

particular, the respondents argue that although Carolina raised the admission of the recorded

interview on appeal to the Connecticut Appellate Court, he failed to raise that claim in his

petition for review to the Connecticut Supreme Court. Because the exhaustion requirement has

been interpreted to mandate that a claim be presented to "the highest state court from which a

decision can be had", the claim is unexhausted. *Daye v. Att'y Gen. of State of New York*, 696

F.2d 186, 190 n.3 (2d Cir. 1982). The respondents additionally maintain that Carolina has failed

to exhaust his claims for ineffective assistance of counsel. Although Carolina raised those claims

on *appeal* of the dismissal of his habeas petition, Connecticut courts have generally refused to

consider claims on appeal that were not raised before the habeas court. *See* Resp. Ex. I, Doc. No.

31-11; *see also Davis v. Comm'r of Correction,* 160 Conn. App. 444, 454 (2015). Accordingly,

the respondents argue, those claims have not been properly exhausted and may not be considered.[2]

Carolina does not contest that those claims are unexhausted, but instead informs me that he "no longer wishes to pursue a remedy in state court and no longer wishes to stay the instant proceedings in the United States District Court." Pl.'s Mem., Doc. No. 47 at 9. Carolina requests that I consider the unexhausted claims abandoned and proceed to review only his claims that (1) the prosecutor's improper conduct during trial deprived him of his due process right to a fair trial; and (2) that there was insufficient evidence to support his conviction for witness tampering. *Id.* at 4. Because Carolina has demonstrated that he properly exhausted those claims by raising them on direct appeal, his request to proceed on only those claims is granted.[3] I will additionally deny the respondents' motion to dismiss as moot; the sole argument proffered in favor of dismissal is that Carolina's petition presents both exhausted and unexhausted claims. The respondents shall file a response to the remaining claims in the petition within forty-five (45) days.

## III.   Conclusion

Carolina's request to withdraw the unexhausted claims is granted. The respondent's motion to dismiss is denied as moot without prejudice to refiling.

---

[2] Although there is authority for the proposition that a new claim may not be raised on appeal of a habeas court's decision, the Appellate Court affirmed dismissal of Carolina's habeas petition without a written decision. Therefore, it is not entirely clear whether the court considered the new claims raised in Carolina's brief in support of appeal.

[3] Although neither party raises the issue, it appears that Carolina has been released during the course of this litigation. *See* Change of Address, Doc. No. 39. Because Carolina faces a suspended sentence and twenty years of probation, it does not appear that release has not rendered his petition moot. *See, e.g., Nowakowski v. New York*, 835 F.3d 210, 216 (2d Cir. 2016). However, Carolina is directed to submit confirmation of his release and to briefly address the issue of mootness within twenty-one (21) days of this order.

So ordered.

Dated at Bridgeport, Connecticut, this 27th day of August 2021.

<u>/s/ STEFAN R. UNDERHILL</u>
Stefan R. Underhill
United States District Judge